Llewellyn K. WAILEHUA, Jr., Plaintiff–Appellant,

and

Ronald Malta; et al., Plaintiffs,

v.

Tim ROBLES; et al., Defendants–Appellees.

No. 02–15306.

D.C. No. CV–01–05627–REC/LJO.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.*

Decided Oct. 22, 2003.

Llewellyn K. Wailehua, Jr., pro se, Honolulu, HI, for Plaintiff–Appellant.

Carl M. Faller, Jr., USF—Office of the U.S. Attorney, Fresno, CA, for Defendants–Appellees.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before WARDLAW, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM**

Federal prisoner Llewellyn K. Wailehua Jr. appeals pro se the district court's judgment dismissing for failure to exhaust administrative remedies his 42 U.S.C. § 1983 action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under the screening provisions of 28 U.S.C. § 1915A. *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000). We vacate and remand.

The district court dismissed the action because the complaint indicated that Wailehua had not exhausted administrative remedies as required by 42 U.S.C. § 1997e(a). We have since held that section 1997e(a) does not impose a pleading requirement; rather, it is the defendant who has "the burden of raising and proving the absence of exhaustion." *Wyatt v. Terhune,* 315 F.3d 1108, 1119 (9th Cir. 2003). As Wailehua did not concede failure to exhaust available remedies in the complaint, we vacate the dismissal order and remand. *See id.* at 1120.

We deny Wailehua's request for recusal of the district court judge and his request for costs.

**VACATED and REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.